IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-12180 |
| DONALD W. COMBS | : | CHAPTER 7 |
| Debtor | : | JUDGE BETH A. BUCHANAN |
| | : | CLERMONT COUNTY TREASURER'S MEMORANDUM <u>IN OPPOSITION TO</u> |
| | : | DEBTOR'S MOTION SEEKING DETERMINATION OF VIOLATION OF |
| | : | AUTOMATIC STAY (Doc. 187) |

Now comes the Goshen Township Board of Trustees and Clermont County Treasurer, by and through counsel the Clermont County Prosecuting Attorney, and hereby submits their joint response <u>opposing</u> Debtor's Motion to determine that the Township Trustees and Treasurer violated the automatic stay imposed by 11 USC § 362, as no such violation occurred. This response is more fully supported in the attached Memorandum.

                                            Respectfully submitted,

                                            CLERMONT COUNTY PROSECUTOR
                                            Mark J. Tekulve

                                            _/s/ *Jason A. Fountain*_
                                            Jason A. Fountain – OH0081265
                                            Assistant Prosecuting Attorneys
                                            Batavia, Ohio 45103
                                            Telephone:    513-732-8193
                                            Facsimile:    513-732-8171
                                            Email:         jfountain@clermontcountyohio.gov

## MEMORANDUM

**I.  INTRODUCTION**

By Decision issued January 29, 2021, the Clermont County Common Pleas Court found that the actions of Donald Combs, Debtor herein ("Debtor), related to the continued disposal of solid waste, construction and demolition debris, and commingled waste on his properties located at 1779 Parker Road, Loveland, Ohio and 1503 State Route 28, Milford, Ohio ("the Properties") constituted a violation of Ohio's environmental enforcement rules, including Ohio Revised Code Chapters 3714, 3734, and the directives set forth by the State of Ohio Environmental Protection Agency.  See *Decision Granting Plaintiff's Motion For Summary Judgment* dated January 29, 2021, previously offered and admitted as Exhibit U to Trustee's Exhibit List, Doc. 137-21. The Decision granted permanent injunctive relief to abate the existing environmental nuisances and remove the various "solid waste, commingled waste, and construction and demolition debris" from the Properties.  *Id* at page 11.  By subsequent Order issued February 11, 2021, specific injunctive relief was awarded including, but not limited to, a requirement that Combs:

> Provide Ohio EPA and the Clermont County Public Health Department, their contractors, agents, and assigns, ***access to the Parker Road Site and the Route 28 Site***, for the following purposes: inspecting Defendants' compliance with R.C. Chapters 3704, 3714, and 3734, the rules adopted thereunder, and this Judgment Entry; ***obtaining samples at the Sites***; developing plans for the Sites; and remediating the Site if the State determines it has the authority to collect clean-up costs from Defendants and sufficient funds to remediate;

(emphasis added).  See *Entry Granting Plaintiff's Motion for Summary Judgment and Imposing Injunctive Relief* dated February 11, 2021, previously offered and admitted as Exhibit V to Trustee's Exhibit List, Doc. 137-22.

In order to effectively pursue remediation of the environmental violations on the Properties, including seeking potential grant funding to assist in remediation, the State of Ohio and Goshen Township thereafter sought modification of the Court's February 21, 2021 Injunctive Order to make clear that the Township, County Land Reutilization Corporation ("Land Bank"), and any contractors and agents would also have access to the Properties in the same manner as the State and local Health Department for remediation purposes. Accordingly, paragraph 14 of the Injunctive Order was amended to require that Combs:

> Provide Ohio EPA, The Clermont County Public Health Department, ***and local municipalities and political subdivisions,*** their contractors, agents, and assigns, ***access to the Parker Road Site and the Route 28 Site***, for the following purposes: inspecting Defendants' compliance with R.C. Chapters 3704, 3714, and 3734, the rules adopted thereunder, and this Judgment Entry; ***obtaining samples at the Sites***; ***developing plans for the Sites***; ***and remediating the Site*** if the State determines it has the authority to collect clean-up costs from Defendants and sufficient funds to remediate;

(emphasis added). See *Entry Granting Plaintiff's Motion to Modify Previous Entry Granting Summary Judgment and Imposing Injunctive Relief* dated November 28, 2022, previously offered and admitted as Exhibit Y to Trustee's Exhibit List, Doc. 137-25.

The Township does not dispute that, after receiving specific authority from the Court, the Township did contract with environmental assessment firm Patriot Engineering and Environmental, Inc. to enter upon and further investigate and assess the Properties through the making of various temporary test wells on Debtor's Properties. The purpose of the test wells was to determine the existence and extent of environmental contaminants located on the Properties. The Township, in conjunction with the County Land Bank, also took preliminary measures to apply for a potential Brownfield Remediation Grant to assist in funding the remediation of the Properties. See *Brownfield Remediation Program*

*Grant Application*, previously offered and admitted as Exhibit M to Exhibit List of Creditor Clermont County Treasurer, Doc. 136.

Debtor now alleges that the Goshen Township Board of Trustees and the "Clermont County Treasurer (Land Bank)[1]" have violated the automatic stay imposed pursuant to 11 U.S.C. § 362 through the Township's actions to coordinate entry upon Debtors' Properties to create the various test wells associated with the State and Township's environmental assessment. Doc. 187 at page 2. Debtor also appears to allege further violation of the automatic stay by virtue of the Township's filing for grant funding from the Ohio Department of Development. Doc. 187 at page 10. As all actions alleged by Debtor to have violated the automatic stay were conducted in accordance with and pursuant to the State's and Township's respective police and regulatory powers, no violation of the automatic stay has occurred, and Debtor's Motion must be denied.

**II.     LAW AND ARGUMENT**

11 U.S.C. § 362(a) provides that

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

---

[1] While Debtor alleges actions taken by the "Clermont County Treasurer (Land Bank)", the Treasurer and County Land Reutilization Corporation remain separate and wholly distinct statutory offices and entities. While the Clermont County Treasurer serves as a *member* of the Land Bank's Board of Directors, the Treasurer does not control the actions or operations of the Land Bank, and the Clermont County Prosecuting Attorney does not serve as the Land Bank's counsel. Further, it does not appear that Debtor's Motion was served upon the Land Bank or its legal counsel. To the extent that the Treasurer is alleged to have violated the automatic stay, that allegation is addressed herein.

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

However, the filing of a petition for relief does not operate as a stay:

(b)(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

The Sixth Circuit has recognized two tests to determine if a governmental unit is exercising police or regulatory power: 1) the pecuniary purpose test, and 2) the public policy test. *In re Commerce Oil. Co.,* 847 F.2d 291, 295 (6th Cir. 1988). Under the pecuniary purpose test, the question is whether the government's proceeding "relates primarily to protection of [its] pecuniary interest in the debtor's property, or to matters of public safety," with proceedings relating primarily to matters of public safety excepted from stay. *Id.* Under the public policy test, the question is whether the proceedings adjudicate private rights or effectuate public policy. *Id.*

Courts have consistently held that environmental enforcement actions filed by a state pass both the pecuniary purpose and public policy tests and are valid exercises of the state's police or regulatory powers which qualify for exception from the automatic stay. *In re Commerce Oil. Co.,* 847 F.2d 291 (6th Cir. 1988); *In re Smith-Goodson*, 144 B.R. 72, 74 (Bankr. S.D. Ohio 1992); See also *Midlantic Nat'l Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 502, 106 S.Ct. 755, 761, 88 L.Ed.2d 859 (1986); *Penn Terra Limited v. Dept. of Environmental Resources, Commonwealth of Pa.*, 733 F.2d 267, 272 (3rd Cir. 1984). See also the Third Circuit's reaffirmation of the *Penn Terra* holding in *U.S. v. Nicolet*, wherein the Court stated "[o]ur opinion in *Penn Terra* recognized that efforts to rectify harmful environmental sites

5

are obvious exercises of the state's power to protect the health, safety, and welfare of the public." *U.S. v. Nicolet*, 857 F.2d 202, 208 (3rd Cir. 1988). Statutes should be construed to avoid pre-emption of such state action "absent clear language to the contrary." *Id.* at 272. A state's power to enforce its police and regulatory powers concerning the protection of the public's health, safety, and welfare necessarily includes the state's attempts to force debtors to rectify harmful environmental hazards. *In re Williston Oil Corp.*, 54 B.R. 10, 12 (Bankr.D.N.J. 1984).

The Sixth Circuit has determined that "[§] 362 indicates a clear intent to permit governmental units to enforce their police power through mandatory injunctions despite the filing of a bankruptcy petition…" *In re William Kovacs,* 681 F.2d 454, 456 (finding injunctive relief to cause the removal of industrial waste from a disposal site to be exempt from stay; judgment as to effect of stay on state's collection efforts subsequently vacated as moot). Thus, actions to obtain and enforce an injunction related to enforcement of environmental and public health and safety rules are excepted from the automatic stay.

Any entry or making of temporary test wells upon Debtor's property was undertaken pursuant to the State's and Township's police and regulatory power to enforce environmental health and safety rules. There can be no doubt that the State of Ohio's action against Debtor in 2018 CVH 01272 is an exercise of the State's authority to enforce environmental protection and public health and safety laws. Therefore, any actions ordered or permitted by the Court in conjunction with the issuance of an order for injunctive relief to abate the environmental violations caused by Debtor are excepted from the automatic stay as actions taken in furtherance of that police and regulatory power. The actions taken by the parties herein in relation to Debtor and his properties were undertaken pursuant to lawful court order issued in said enforcement action. Further, the Township carries its own environmental enforcement authority pursuant to

R.C. § 505.87 to address and abate public health nuisances on land within the township caused by the accumulation of garbage, refuse, and other debris.

### III. CONCLUSION

All alleged actions of the Township relating to Debtors' Properties were taken in accordance with and pursuant to the lawful order of the Clermont County Common Pleas Court in relation to the State's environmental enforcement action against Debtor, in addition to the Township's own environmental enforcement authority.  The Township has therefore committed no violation of the automatic stay.  Further no allegation has been made that the Clermont County Treasurer was involved with any entry upon or drilling of Debtor's property (other than Debtor's unsupported allegation of the presentation of "false evidence").

For the foregoing reasons, Debtor's Motion is without basis in fact or law, and should therefore be denied.

Respectfully submitted,

CLERMONT COUNTY PROSECUTOR
Mark J. Tekulve

　　　/s/ *Jason A. Fountain*　　　
Jason A. Fountain – OH0081265
Assistant Prosecuting Attorneys
Batavia, Ohio 45103
Telephone:    513-732-8193
Facsimile:    513-732-8171
Email:        jfountain@clermontcountyohio.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court, and by First Class Mail on the 28th day of June, 2024 to:

Donald W. Combs #788-726
London Corr. Inst.
P.O. Box 69
London, Ohio 43140

                                                     */s/ Jason A. Fountain*
                                               Jason A. Fountain – OH0081265
                                               Assistant Prosecuting Attorney