**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Donald W. Combs, | ) Case No. 21-12180 |
| | ) |
| Debtor. | ) Hon. Beth A. Buchanan |

**CLERMONT COUNTY LAND REUTILIZATION CORPORATION'S RESPONSE TO MOTION FOR THE LAND REUTILIZATION CORPORATION (LAND BANK) FOR VIOLATION OF THE AUTOMATIC STAY USC 362**

Clermont County Land Reutilization Corporation ("Land Bank"), by its undersigned counsel, files this response (the "Response") to the *Motion for The Land Reutilization Corporation (Land Bank) for Violation of The Automatic Stay USC 362* (Docket No. 216) (the "Motion") filed by the above-captioned debtor (the "Debtor"). In support of this Response, Land Bank respectfully states:

**I.     BACKGROUND**

**A.     *The Bankruptcy Case***

1. On October 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Ohio (the "Court").

2. The Debtor listed ownership interests in two commercial parcels of real property located at 1503 State Route 28, Loveland, Ohio 45140 (the "Loveland Property") on Schedule A/B (Docket No. 1). Prior to the Petition Date, the State of Ohio initiated litigation in state court against the Debtor for environmental hazards existing at the Loveland Property arising from the

1

Debtor's waste disposal operations. *See State of Ohio ex. rel. Dave Yost, Ohio Attorney General v. Donald Combs, et al.*, Case No. 2018 CVH 01272 (Clermont C.P.).

*i.    The Abandonment Notice*

3.    On October 24, 2023, Chapter 7 Trustee Henry E. Menninger, Jr. (the "Trustee") filed the *Trustee's Abandonment of Real Property* [Docket No. 78] (the "Abandonment Notice") pursuant to which the Trustee proposed to abandon the Debtors real property, including the Loveland Property, from the Debtor's bankruptcy estate after determining that the real property was burdensome and of inconsequential value.

4.    On February 7, 2024, the Debtor filed the *Objection to the Trustee's Abandonment of Real Property* [Docket No. 109], pursuant to which the Debtor objected to, *inter alia*, the abandonment of the Loveland Property from the bankruptcy estate.

*ii.    The Motion for Relief from Stay*

5.    On December 27, 2023, Clermont County Treasurer Jeannie M. Zurmerhly ("Clermont County") filed the *Motion for Relief from Stay Regarding Real Estate Located at 1779 Parker Road; 1503 State Route 28 and Lot on State Route 28* (Docket No. 84) (the "Motion for Relief").  Pursuant to the Motion for Relief, Clermont County sought relief from the automatic stay imposed by the Debtor's bankruptcy filing in order to continue a tax foreclosure proceeding against the Debtor's real property, including the Loveland Property. The tax foreclosure proceeding pending in the Clermont County Court of Common Pleas is styled as *Jeannie M. Zumerhly, Treasurer, Clermont County, Ohio v. Donald W. Combs, et al.*, Case No. 2015-CVE-00611 (the "Foreclosure Case").

6.    On January 29, 2024, the Debtor filed the *Response to Creditors Motion for Relief from Automatic Stay and Request for Sanction on Clermont County Treasurer and the Prosecutor*

*for Contempt of Court* (Docket No. 104), which opposed the Motion for Relief and sought certain other relief from the Court.

   iii.    *The April 2024 Hearing and Corresponding Orders*

      7.    Following further responsive filings from multiple parties, the Court held an evidentiary hearing on April 15 and 16, 2024 (the "Hearing") to address the proposed abandonment of the Debtor's real property and the Motion for Relief.

      8.    On May 17, 2024, the Court entered its *Order Overruling Debtor's Objection to Trustee's Notice of Abandonment of Real Property* (Docket No. 170) (the "Abandonment Order"), pursuant to which the Court approved the Trustee's abandonment of the Debtor's real property, including the Loveland Property.

      9.    Also on May 17, 2024, the Court entered the *Order Granting Clermont Country Treasurer Jeannie M. Zurmehly's Motion for Relief from Automatic Stay* (Docket No. 171) (the "Stay Relief Order"), which granted Clermont County relief from the automatic stay to proceed with the Foreclosure Case.

   iv.    *The Foreclosure Case*

      10.    On September 3, 2024, following entry of the Stay Relief Order and attempts to sell the Loveland Property, Land Bank filed its *Petition to Receive Forfeited Property* in the Foreclosure Case, pursuant to which it sought to assume title to the Loveland Property. On October 11, 2024, the Clermont County Court of Common Pleas order that the Loveland Property be forfeited to Land Bank.

**B.**    ***The Motion***

      11.    On November 15, 2024, the Debtor filed the Motion, which contains allegations against multiple parties, including Land Bank. Specifically, the Motion alleges that Land Bank,

3

prior to entry of the Abandonment Order or Stay Relief Order, authorized or otherwise is responsible for the drilling of environmental testing wells on the Loveland Property, in violation of the automatic stay imposed by section 362 of the Bankruptcy Code. However, the Motion does not seek any specific relief against Land Bank, but rather, requests an "Adversary Hearing" to obtain Phase I and Phase II testing results from the Loveland Property.

12. Prior to filing the Motion, the Debtor filed a similar pleading against the Goshen Township Board of Trustees (the "Township") and Clermont County, the *Notice of a Violation of the Automatic Stay by Goshen Township Trustees and the Clermont County Treasurer (Land Bank)* (Docket No. 187) (the "Clermont County Stay Motion").[1]

13. On June 28, 2024, the Township and Clermont County filed the *Clermont County Treasurer's Memorandum in Opposition to Debtor's Motion Seeking Determination of Violation of Automatic Stay* (Docket No. 193) (the "Clermont Response"). In the Clermont Response, the Township described coordinating environmental testing with Patriot Engineering and Environmental, Inc. ("Patriot") at the Loveland Property, after obtaining relief from the Clermont County Court of Common Pleas. *See* Clermont Response at 3, ECF No. 193. The Clermont Response also provides that the Township and Land Bank applied for a Brownfield Remediation Grant to assist in the remediation of the Loveland Property. *Id.*

14. For the avoidance of doubt, the Township, Clermont County, and Land Bank are distinct and separate entities. Land Bank did not authorize Patriot to conduct environmental testing at the Loveland Property.

---

[1] The Clermont County Stay Motion appears to contain allegations against "Clermont County Treasurer (Land Bank)," neither Land Bank nor its counsel was served.

## II. ARGUMENT

### A. *Legal Standard*

15. Section 362(a) of the Bankruptcy Code imposes an automatic stay as to, among other things, any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. § 362(a)(3). Accordingly, to establish a violation of the automatic stay occurred, a debtor must demonstrate that an entity or individual exercised control over property of the estate after commencement of a bankruptcy case. *Id.*

16. Damages arising from alleged stay violations involving individual debtors are determined under section 362(k) of the Bankruptcy Code. *See In re GYPC, INC.*, 634 B.R. 983, 989 (Bankr. S.D. Ohio 2021). "An individual seeking damages under § 362(k) must prove, by a preponderance of the evidence, that the actions taken were in violation of the stay, the violation was willful and the violation caused actual damages." *In re Webb*, 472 B.R. 665 (B.A.P. 6th Cir. 2012).

### B. *Land Bank did not Violate the Automatic Stay.*

17. The Debtor cannot establish that Land Bank willfully violated the automatic stay in this Bankruptcy Case, because Land Bank did not authorize or otherwise coordinate environmental testing at the Loveland Property as alleged in the Motion. While the Debtor alleges in the Motion that Land Bank coordinated the drilling of test wells at the Loveland Property with Patriot, as set forth in the Clermont Response, such environmental testing was done by the Township. To establish a violation of the automatic stay under section 362, the Debtor must demonstrate that Land Bank exercised control over property of the estate. *In re Sharon*, 234 B.R. 676, 682 (B.A.P. 6th Cir. 1999). Here, Land Bank did not enter onto the Loveland Property or coordinate the drilling complained of in the Motion. Because Land Bank did not commit the

actions set forth in the Motion, the Debtor also cannot establish that he is entitled to damages under section 362(k).

18.Further, to the extent that the Debtor seeks to impose liability for any violation of the automatic stay subsequent to entry of the Abandonment Order and Stay Relief Order, such argument also fails. By their very nature, the Abandonment Order and Stay Relief Order respectively remove the implications of the automatic stay from the Loveland Property. *See In re Stringer*, 586 B.R. 435 (Bankr. S.D. Ohio 2018) ("When property is abandoned, it is no longer property of the estate"); 11 U.S.C. § 362(c)(2) ("the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate …."). Indeed, the Stay Relief Order explicitly grants Clermont County the ability to continue the Foreclosure Case, which resulted in the transfer of the Loveland Property to Land Bank. Accordingly, the Debtor cannot establish that Land Bank violated the automatic stay.

### III.CONCLUSION

19.The Debtor has not and cannot establish that Land Bank violated the automatic stay in this Bankruptcy Case because, simply stated, Land Bank did not willfully violate the automatic stay in this Bankruptcy Case. The Debtor has incorrectly attributed actions (i.e., drilling test wells on the Loveland Property) to Land Bank. As set forth herein, Land Bank never authorized the drilling of test wells or otherwise allowed another entity to enter onto the Loveland Property in violation of the automatic stay. To the extent that the Motion alleges liability for violation of the stay following entry of the Abandonment Order and Stay Relief Order, Land Bank submits that the entry of these orders is dispositive of such argument.

**WHEREFORE,** for each of the foregoing reasons, Land Bank respectfully requests that this Court (i) deny the Motion and (ii) grant Land Bank such other and further relief as this Court may deem just and proper under the circumstances.

Dated:   December 6, 2024                                    Respectfully submitted,

                                             **FROST BROWN TODD LLP**

By:   */s/ Joy D. Kleisinger*
      Joy D. Kleisinger (Ohio Bar No. 0101993)
      3300 Great American Tower
      301 East Fourth Street
      Cincinnati, Ohio 45202
      Tel. 513-651-6800
      Fax 513-651-6981
      Email: jkleisinger@fbtlaw.com

**COUNSEL FOR CLERMONT COUNTY LAND REUTILIZATION CORPORATION**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on December 6, 2024, a true and correct copy of the foregoing *Clermont County Land Reutilization Corporation's Response to Motion for the Land Reutilization Corporation (Land Bank) for Violation of the Automatic Stay USC 362,* was served electronically upon all parties registered for and consenting to electronic notice via the Court's Electronic Case Filing System and by First Class Mail to:

Donald W. Combs
115 West McMicken Ave.
Cincinnati, OH 45202

Donald Combs
6044 Deerfield Rd.
Milford, OH 45150

                                                  */s/ Joy D. Kleisinger*
                                                  Joy D. Kleisinger

0151582.0761152   4904-1820-2114v4